## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Daniel Duchene, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>OnStar, LLC,<br>　　　　　　　　Defendants. | Civil Action No.: 1:15-cv-00935<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Daniel Duchene, individually and on behalf of all others similarly situated, sues Defendant OnStar, LLC ("OnStar"), and for his Class Action Complaint states as follows:

### INTRODUCTION

1. Plaintiff seeks damages, injunctive and declaratory relief resulting from the illegal actions of OnStar in contacting Plaintiff and Class members on their cellular telephones for non-emergency purposes using a prerecorded message or artificial voice in direct contravention of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. The TCPA regulates, among other things, the use of automatic telephone dialing systems ("ATDS"), or "autodialers." 47 U.S.C. § 227(b)(1)(A)(iii). Specifically, the TCPA prohibits the use autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 C.F.R. §64.1200(a)(2).

3. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The

FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## PARTIES, JURISDICTION AND VENUE

4. Duchene is and at all times mentioned herein was an individual person residing in Ada, Minnesota.

5. OnStar is a Delaware business entity with a principal place of business of 400 Renaissance Drive West #500, Detroit, Michigan 48243.

6. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

7. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because OnStar resides here and a substantial part of the events giving rise to the claim occurred here.

## FACTS RELATED TO PLAINTIFF

8. OnStar provides vehicle-integrated safety and security solutions, mobility services, and information technology services.

9. Beginning in and around August, 2015, OnStar placed telephone calls to Plaintiff on his cellular telephone at telephone number 218-xxx-0230.

10. OnStar called Plaintiff from telephone number 972-372-1723.

11. At all times mentioned herein, Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

12. When Plaintiff answered the calls from OnStar, he heard complete silence before the call terminated before anyone came on the line.

13. When Plaintiff did not answer OnStar's calls, OnStar left voicemail messages consisting of screeching and beeping sounds.

14. Plaintiff has received multiple calls from OnStar to his cellular phone in this fashion.

15. Plaintiff did not give his number to OnStar. Plaintiff is not an OnStar customer.

16. As such, OnStar did not have express consent to place calls using an ATDS to Plaintiff's cellular telephone. Therefore, the calls placed by Defendant to Plaintiff were in violation of 47 U.S.C. § 227(b)(1)(A).

17. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls were made by, on information and belief, a machine that had the capacity to store and dial numbers to be called used a predictive algorithm, automatically, from a database or numbers or sequentially or a number generator.

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ALLEGATIONS

20. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following Class:

TCPA Class

**(1) All persons in the United States (2) to whose cellular telephone number (3) OnStar placed a non-emergency telephone call (4) using an ATDS (5) within four years of the complaint (6) where OnStar did not have express written consent to call said cellular telephone number.**

21. Plaintiff represents and is a member of the TCPA Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's

agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

22. Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of OnStar and the automated nature of the calls, Plaintiff reasonably believes that the Class numbers in the thousands.

23. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by OnStar.

24. There are questions of law and fact common to the members of the Class which predominate over any questions that affect only individual Class members. Those common questions of law and fact include, but are not limited to, the following:

   i. Whether OnStar engaged in a pattern of using an ATDS to place calls to cellular phones;

   ii. Whether OnStar had prior express consent to place the calls; and

   iii. Whether OnStar willfully violated the TCPA.

25. As a person who received telephone calls from OnStar using an ATDS to his cellular phone without having given prior express consent, Plaintiff asserts claims that are typical of the members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Class.

26. Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

27. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims. Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones as OnStar did not attempt to obtain consent required by the TCPA prior to placing the calls.

28. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I – VIOLATIONS OF THE TCPA

29. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

30. Plaintiff brings this claim on behalf of the TCPA Class.

31. OnStar made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

32. OnStar has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system."

33. Each of the aforementioned calls by OnStar constitutes a violation of the TCPA.

34. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

36. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;
- Defendant used an ATDS; and
- Defendant placed calls to the Plaintiff and the Class without prior express consent.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. Plaintiff brings this claim on behalf of the Class.

39. OnStar made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

40. OnStar has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

41. Each of the aforementioned calls by OnStar constitutes a willful violation of the TCPA.

42. Plaintiff and the members of the Class are entitled to an award of up to

$1500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

43. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

44. Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully used ATDS on calls to Plaintiff and the Class;
- Defendant knowingly and/or willfully obtained the telephone numbers of non-customers;
- Defendant willfully placed automated calls to non-customers such as Plaintiff and the Class, knowing it did not have prior express consent to do so; and
- It is Defendant's practice and history to place automated telephone calls to non-consumers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

  A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

  B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

  C. Declaratory relief as prayed for herein;

  E. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on issues so triable.

Dated: September 14, 2015          Respectfully submitted,

         By:     */s/ Sergei Lemberg*
                     Sergei Lemberg
                     LEMBERG LAW, LLC
                     1100 Summer Street, 3rd Floor
                     Stamford, CT 06905
                     Telephone: (203) 653-2250
                     Facsimile: (203) 653-3424
                     *Attorneys for Plaintiff*